# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE BOYER,<br>        **Plaintiff,**<br><br>v.<br><br>THE CITY OF PHILADELPHIA,<br>COMMISSIONER CHARLES RAMSEY,<br>TWO JANE OR JOHN DOES,<br>CAPTAIN ROLLIN LEE,<br>LIEUTENANT KARYN BALDINI, and<br>OFFICER ANGEL ORTIZ,<br>        **Defendants.** | CIVIL ACTION<br><br><br><br>NO. 13-6495 |

## O R D E R

**AND NOW**, this 5th day of September, 2018, upon consideration of Defendants City of Philadelphia, Charles Ramsey, Roland Lee, and Karyn Baldini's Motion for Summary Judgment (Document No. 90, filed Oct. 13, 2017), and Plaintiff's Response to Defendants the City of Philadelphia, Charles Ramsey, Roland Lee, and Karyn Baldini's Motion in Limine (Document No. 114, filed Aug. 14, 2018), for the reasons set forth in the accompanying Memorandum dated September 5, 2018, **IT IS ORDERED** as follows:

1.     Defendants City of Philadelphia, Charles Ramsey, Roland Lee, and Karyn Baldini's Motion in Limine is **GRANTED IN PART AND DENIED IN PART**, as follows:

    a. That part of the defendants' motion seeking to exclude plaintiff's vocational report prepared by Sonya Mocarski is **GRANTED**.

    b. That part of defendants' motion seeking to exclude the testimony of Sonya Mocarski is **DENIED**, as limited by the attached Memorandum.

    c. That part of defendants' motion seeking to exclude evidence relating to Plaintiff's previous lawsuit, subsequent settlement agreement, and any allegations of

retaliation by the defendants is **GRANTED**. To the extent that plaintiff believes that such evidence is relevant to his remaining claims, he must seek reconsideration of this Order before referring to the evidence at trial in the presence of the jury.

d. That part of defendants' motion seeking to exclude evidence related to James Singleton's arrest is **GRANTED**. To the extent that plaintiff believes that such evidence is relevant to his remaining claims, he must seek reconsideration of this Order before referring to the evidence at trial in the presence of the jury.

e. That part of defendants' motion seeking to exclude the plaintiff's commendations or awards is **GRANTED**. This ruling is without prejudice to plaintiff's right to seek reconsideration of this part of the Order if defendants attack plaintiff's credibility or truthfulness at trial and plaintiff establishes that the commendations or awards are evidence of his credibility or truthfulness.

f. That part of defendants' motion seeking to exclude evidence regarding plaintiff's religious affiliation and position in his church is **GRANTED**.

g. A ruling on that part of defendants' motion seeking to exclude evidence of Captain McCloskey as a comparator is **DEFERRED** until trial.

h. That part of defendants' motion seeking to exclude evidence of Detective Rossiter as a comparator is **GRANTED**.

i. A ruling on that part of defendants' motion seeking to exclude evidence of Jeffrey Cujdik as a comparator is **DEFERRED** until trial.

j. A ruling on that part of plaintiff's response seeking to include evidence of Angel Ortiz as a comparator is **DEFERRED** until trial.

    k. A ruling on that part of plaintiff's response seeking to introduce "new evidence" is **DEFERRED** until trial.

2. The rulings in this Memorandum and Order are **WITHOUT PREJUDICE** to the right of the parties to seek reconsideration at trial if warranted by the evidence and the law as stated in the attached Memorandum.

                                        **BY THE COURT:**

                                        **/s/ Hon. Jan E. DuBois**

                                        **DuBOIS, JAN E., J.**