# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE BOYER,<br>　　　　Plaintiff, | CIVIL ACTION |
| v. | |
| THE CITY OF PHILADELPHIA,<br>COMMISSIONER CHARLES RAMSEY,<br>　　　　Defendants. | NO. 13-6495 |

DuBois, J.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　August 7, 2019

## M E M O R A N D U M

### I.　　INTRODUCTION

*Pro se* plaintiff, Andre Boyer, is an African American male who was employed by the City of Philadelphia (the "City") as a police officer from 1997 until his termination in September 2013. Plaintiff alleges that, in terminating his employment, the City and former Police Commissioner Charles Ramsey violated his rights under the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1983.

The facts are set forth in detail in the Court's Memorandum dated February 22, 2019, (Document No. 148). The Court will not repeat the factual history here except as necessary to explain its decision.

Summary judgment motions were originally filed in this case in April of 2017 (Document Nos. 60 & 61). On July 14, 2017, the Court granted defendant Angel Ortiz's motion for summary judgment and granted in part and denied in part defendants City of Philadelphia, Charles Ramsey, Roland Lee, and Karyn Baldini's ("City defendants") motion for summary judgment. After that ruling, plaintiff's only remaining claims were (1) an Equal Protection claim pursuant to 42 U.S.C. § 1983 against individual defendants Ramsey, Lee, Baldini, and "two Jane

or John Does" and (2) a § 1983 *Monell* claim against the City with respect to its alleged custom of using different disciplinary proceedings for police officers based on their race.

Following a Final Pretrial Conference on December 20, 2018, plaintiff's claims as to defendants Lee, Baldini, and "two Jane or John Does" were dismissed with prejudice after the parties submitted a Joint Statement of Uncontested Facts stating that neither Lee nor Baldini had any involvement in the decision to discipline and subsequently terminate plaintiff. Joint Stmt. Uncontested Facts 3. At that same conference, plaintiff identified three proposed comparators whose testimony he planned to introduce at trial in support of his claims—John McCloskey, Jeffrey Cujdik,[1] and Angel Ortiz. Dec. 20, 2018 Hr'g Tr. 34:1–47:11. When the Court asked plaintiff whether he had any other proposed comparators plaintiff said "I don't believe so." Dec. 20, 2018 Hr'g Tr. 46:23–47:11.

Based on plaintiff's representations at the Final Pretrial Conference, Defendants filed a Motion in Limine seeking to exclude plaintiff's proposed comparator evidence from McCloskey, Jeffrey Cujdik, and Ortiz on December 28, 2018. By Memorandum and Order dated February 22, 2019, the Court granted Defendant's motion in limine and excluded plaintiff's proposed comparator evidence from McCloskey, Jeffrey Cujdik, and Ortiz (Document No. 148).[2]

Presently before the Court is Defendants City of Philadelphia and Charles Ramsey's Renewed Motion for Summary Judgment (Document No. 152, filed April 18, 2019). Plaintiff did not file a timely response to this motion. On May 15, 2019, the Court ordered plaintiff to file and serve a response to the renewed motion for summary judgment on or before May 28, 2019

---

[1] This Memorandum refers to two individuals with the sur-name Cujdik—Jeffrey Cujdik and Richard Cujdik—also referred to as the Cujdik brothers. To clarify which individual is being referenced, they Court uses Jeffrey and Richard Cujdik's full names throughout this Memorandum.

[2] The Court had previously deferred ruling on the admissibility of comparator evidence regarding McCloskey, Ortiz, and Jeffrey Cujdik, in a Memorandum and Order dated September 5, 2018 (Document No. 116). However, after additional information about the proposed comparators was provided in defendants' December 28, 2018 motion in limine (Document No. 135), the Court determined that plaintiff's proposed comparator evidence was inadmissible.

and stated "in the event plaintiff fails to comply with this Order, the Court will decide the Renewed Motion for Summary Judgment on the then-present state of the record without further notice to plaintiff." May 15, 2019 Order at 2, Document No. 153. Plaintiff failed to comply with the May 15, 2019 Order. Accordingly, defendants' Renewed Motion for Summary Judgment is ripe for decision and the Court considers defendant's motion on the present state of the record.

## II.     APPLICABLE LAW

The Court will grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A fact is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The Court's role at the summary judgment stage "is not . . . to weigh the evidence and determine the truth of the matter but to determine whether . . . there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249. However, the existence of a mere "scintilla" of evidence in support of the nonmoving party is insufficient. *Id.* at 252. In making this determination, "the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007) (internal citations omitted). The party opposing summary judgment must, however, identify evidence that supports each element on which it has the burden of proof. *Celotex Corp.*, 477 U.S. at 322.

"A moving party may renew a motion for summary judgment notwithstanding denial of an earlier motion by showing a different set of facts or some other reason justifying renewal of the motion." *Carnegie Mellon Univ. v. Hoffmann-La Roche, Inc.*, 148 F. Supp. 2d 1004, 1010 (N.D. Cal. 2001), *aff'd*, 541 F.3d 1115 (Fed. Cir. 2008).

### III. DISCUSSION

Plaintiffs has two remaining claims: (1) a Fourteenth Amendment Equal Protection claim against Charles Ramsey, and (2) a *Monell* claim against the City asserting a custom of using different disciplinary proceedings based on race. Defendants argue that summary judgment must be granted on both of plaintiff's claims because he has no admissible evidence to support them. The Court addresses each claim in turn.

**A. Equal Protection Claim Against Ramsey**

First, defendants argue that plaintiff's Equal Protection claim against Ramsey fails because plaintiff has not identified any admissible evidence of similarly situated individuals who were treated less harshly. Defs. Renewed Mot. 4.

To succeed on an Equal Protection claim under § 1983, a plaintiff must prove "the existence of purposeful discrimination." *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005). To do so, a plaintiff must show that he "received different treatment from that received by other individuals [who were] similarly situated," *Shuman*, 422 F.3d at 151, and that "the different treatment was improperly motivated by discrimination or punishment for exercising a constitutional right." *Zappan v. Pa. Bd. of Prob. & Parole*, 152 F. App'x 211, 219 (3d Cir. 2005) (citing *Andrews v. City of Phila.*, 895 F.2d 1469, 1478 (3d Cir. 1990)). "Persons are similarly situated under the Equal Protection Clause when they are alike 'in

all relevant aspects.'" *Startzell v. City of Phila.*, 533 F.3d 183, 203 (3d Cir. 2008) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)).

In its July 17, 2017 Memorandum and Order, the Court denied that part of defendants' first motion for summary judgment on plaintiff's Equal Protection claim based on the evidence provided regarding McCloskey. *Boyer v. City of Phila.*, No. 13-6495, 2017 WL 3023585, at *4 (E.D. Pa. July 17, 2017). In that decision, referring to McCloskey, the Court stated, "[p]laintiff has produced evidence that at least one white police officer was disciplined less harshly than plaintiff for a similar offense." *Id.* However, after being provided with additional information in the Motions in Limine, the Court concluded that plaintiff and McCloskey were not similarly situated and that such comparator evidence was therefore irrelevant.

> [T]he conduct underlying [plaintiff and McCloskey's] departmental violations was significantly different. While plaintiff's misconduct involved inappropriate conduct during an investigation into how he handled the seizure of money, white powder, and suspected drug paraphernalia discovered during a car stop, McCloskey. . . directed internal records to be altered without notifying the appropriate party. . . . based on these facts the Court cannot find that plaintiff and McCloskey were "similar in all relevant respects."

*Boyer v. City of Phila.*, No. 13-6495, 2019 WL 920200, at *4 (E.D. Pa. Feb. 25, 2019) (citing *Opsatnik v. Norfolk Southern Corp.*, 335 F. App'x 220, 222–23 (3d Cir. 2009)).

The Court similarly concluded that neither Jeffrey Cujdik nor Angel Ortiz were appropriate comparators. *Boyer*, 2019 WL 920200, at *5–7. Specifically, the Court determined that Jeffrey Cujdik's "underlying misconduct was very different than plaintiff's" and that although Ortiz was charged with similar departmental violations, he was not an appropriate comparator because he was disciplined by a different decisionmaker. *Id.* at 5–7. For those reasons the Court determined that any comparator-type testimony from McCloskey, Jeffrey Cujdik, and Ortiz would be irrelevant and "to the extent that such evidence has any relevance, its

5

probative value [would be] substantially outweighed by a danger of confusing the issues or misleading the jury." *Id.*

Plaintiff has not presented any evidence of other comparators who can support his claims. Defs. Renewed Mot. 5. Therefore, because plaintiff has not offered any admissible comparator evidence or other evidence of racial discrimination, the Court grants that part of defendants' Renewed Motion for Summary Judgment on plaintiff's Equal Protection claim against defendant Ramsey.

**B. *Monell* Claim Against the City**

Next, defendants argue that plaintiff has failed to present admissible evidence supporting his claim that the City had a custom of using different disciplinary proceedings based on race.[3] Defs. Renewed Mot. 5.

"[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978). To demonstrate municipal liability under § 1983, a plaintiff must demonstrate (1) a constitutional violation by a state actor (2) that was caused by a municipal policy or custom. *Id.* at 694; *see also Mulholland v. Gov't Cty. of Berks*, 706 F.3d 227, 237 (3d Cir. 2013).

The Court denied that part of defendants' first motion for summary judgment seeking summary judgment on plaintiff's *Monell* claim based on evidence that plaintiff was "disciplined less favorably than [four] similarly situated white officers" who were not disciplined using the same disciplinary process as plaintiff. *Boyer*, 2017 WL 3023585, at *5. These alleged

---

[3] Specifically, the custom alleged by plaintiff is: "[T]he practice of using internal investigation through [the Internal Affairs Division] and subsequent disciplinary proceedings such as a [Police Board of Inquiry] hearing prior to disciplining and terminating African-American officers 'to undermine' possible claims of discrimination and not using this process against white officers, who are either not terminated or are terminated and able to successfully grieve and/or appeal their termination." *Boyer*, 2017 WL 3023585, at *5. In short, plaintiff claims that the disciplinary proceedings against Caucasian officers resulted in less harsh outcomes than the proceedings against African American officers.

6

"similarly situated" individuals included McCloskey, the Cujdik brothers, Jeffrey and Richard, and Detective Rossiter.[4]

As discussed *supra*, since that summary judgment decision, based on the presentation of additional evidence, the Court has concluded that McCloskey and Jeffrey Cujdik are not similarly situated to plaintiff. Additionally, in the September 5, 2018 Memorandum and Order the Court determined that Rossiter was not similarly situated to plaintiff and granted defendants' motion in limine seeking to exclude evidence relating to Rossiter as a comparator. *Boyer v. City of Phila.*, No. 13-6495, 2018 WL 4252378, at *9 (E.D. Pa. Sept. 6, 2018). The Court explained that Rossiter's offense—stealing overtime—was not of "comparable seriousness" to plaintiff's alleged misconduct—lying during an investigation and failure to follow procedures for handling evidence including money and narcotics. *Boyer v. City of Phila.*, No. 13-6495, 2018 WL 4252378, at *9 (E.D. Pa. Sept. 6, 2018) (citing *Opsatnik*, 335 F. App'x at 223.)).

Finally, the Court considers evidence of Richard Cujdik as a comparator. At the Final Pretrial Conference plaintiff stated that he intended to introduce evidence of three proposed comparators—McCloskey, Jeffrey Cujdik, and Ortiz. Notably, he did not identify Richard Cujdik as a comparator. Defs. Stmt. Undisputed Material Facts their Renewed Mot. for Summ. J. ("SUMF") ¶ 33. When asked at the conference whether there were any other comparators he was considering calling as witnesses, plaintiff stated "I don't believe so." SUMF ¶ 34. Although plaintiff initially identified Richard Cujdik as a comparator in his response to defendant's first motion for summary judgment (Document No. 63) plaintiff provided minimal information stating that the "Cujdik brothers, Jeffrey and Richard" were "accused of crimes" and had

---

[4] The Court notes a discrepancy in the parties' discussion of "Detective Rossiter" who has at times been referred to as "Detective Rutherford." Both names appear to refer to the same person. For the sake of consistency the Court will use the name Detective Rossiter in this Memorandum.

"transgressed discipline in far worse circumstances than Plaintiff but were not terminated." Pl. Resp. City Defs. Mot. Summ. J. 6. In support of these statements, plaintiff cited to his own deposition testimony providing similarly vague statements about the Cujdik brothers. *Id.* at Ex. 3, at 128–30, 133. Since that time, over the course of two motions in limine and a Final Pretrial Conference, neither plaintiff nor defendants have argued for or against using comparator evidence from Richard Cujdik. Instead both parties have focused exclusively on Jeffrey Cujdik. Thus, on the present state of the record the Court concludes that the evidence provided by plaintiff regarding Richard Cujdik is insufficient to establish that the City had a custom of using different disciplinary proceedings based on race.

Therefore, based on (1) plaintiff's representations at the Final Pretrial Conference on December 20, 2018, (2) the lack of specific information in the record about Richard Cujdik, and (3) plaintiff's failure to provide any evidence beyond his proposed comparators in support of his *Monell* claim, the Court concludes that defendants have carried their burden of showing an absence of evidence to support plaintiff's case. Where defendants have carried their burden of showing an absence of evidence to support plaintiff's case "the burden shifts to [plaintiff] to point to sufficient cognizable evidence to create material issues of fact such that a reasonable jury could find in its favor." *Bouriez v. Carnegie Mellon Univ.*, 585 F.3d 765, 771 (3d Cir. 2009). Plaintiff did not respond to defendants' renewed motion for summary judgment and has failed to carry his burden.

For the reasons stated above, the Court grants that part of defendants' motion seeking summary judgment on plaintiff's remaining *Monell* claim.

## IV. CONCLUSION

For the foregoing reasons Defendants City of Philadelphia and Charles Ramsey's Renewed Motion for Summary Judgment is granted. Judgment is entered in favor of defendants, the City of Philadelphia and Commissioner Charles Ramsey, and against plaintiff, Andre Boyer. An appropriate Order follows.